UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 8:22-CR-169- SDM- TGW

JESSE JAMES BERTETTO

**UNITED STATES' SENTENCING MEMORANDUM**

The United States files this sentencing memorandum to request that this Court sentence the defendant to a guideline sentence of 960 months imprisonment. The guideline. In support thereof, the United States submits as follows:

I.   <u>Background</u>

On January 4, 2023, a federal grand jury returned a four-count Superseding Indictment that charged the defendant, Jesse James Bertetto (Bertetto), with one count of distribution and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 40. On April 12, 2023, a jury convicted Bertetto on all counts of the indictment. Doc. 91. The Court has scheduled sentencing to take place September 29, 2023. Doc. 109.

II.   <u>Presentence Investigation Report</u>

On September 22, 2023, U.S. Probation issued its Presentence Investigation Report ("PSR"). Doc. 111. Pursuant to the PSR, Bertetto's applicable Guideline for the underlying offense is life; he is a criminal category I.  PSR ¶ 92. However, as the statutorily authorized maximum sentences are less than the applicable guideline range,

the guideline term of imprisonment is 960 months. *Id.* USSG § 5G1.2(b). Counts One and Two each carry a mandatory minimum sentence of 5 years. PSR ¶ 91. All four Counts require a term of supervised release of 5 years to life. *Id.* at 94.

For the reasons that follow, this Court should adopt the PSR's facts and guideline calculation. The defendant's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands a guidelines sentence because of the volume of child sexual abuse material (CSAM) possessed by the defendant, the heinousness of the content, and his distribution of the CSAM. The defendants repeated engagement in the exploitation of minors demonstrates that poses an extraordinary danger to children in the community and that danger is unlikely to abate over time.

## III.   Argument for 960 Months' Imprisonment

The Supreme Court has declared, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United Sates*, 522 U.S. 38, 41 (2007). Although a sentencing court may not presume that a guideline-range sentence is reasonable, the Sentencing Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The defendant's conduct, considered in conjunction with the sentencing factors set forth, calls for a guideline sentence.

### A. Nature and Circumstances of the Offense

The nature and circumstances of Bertetto's offenses are, taken alone, awful and detrimental to victims of child exploitation.

In December 2020, Volusia County Sheriff's Office received a tip from the National Center for Missing and Exploited Children (NCMEC) that a user of the Kik social media application, later determined to be Bertetto, was sharing images and videos of child exploitation. Detectives with Volusia County then executed a search warrant at Bertetto's residence in South Daytona. A search of the defendant's cellular phone, an iPhone 7, revealed searches related to CSAM and over eight thousand images and videos of children being sexually abused.

By January 2022, Homeland Security Investigations in Tampa, Florida received a tip from NCMEC that a Kik user was uploading child exploitation material. Agents discovered that Kik user to be Bertetto. His interest in minors did not abate over time and was not deterred by law enforcements previous confiscation of his cellular device.

3

Bertetto had a new Kik account on his cellular phone, an iPhone SE, seized by law enforcement during a search warrant. This cellular phone was recovered from Bertetto's person, while he was at work. Not only did this cellular phone contain images and videos of CSAM, including depictions of toddlers being raped, it contained conversations Bertetto had on his Kik account, "kinkyng." PSR ¶ 18 (for examples of the conversations Bertetto engaged in regarding the exchange of child sexual abuse material). Bertetto's participation in group chats with others on the internet, requests of others to "SR2" or "send to receive" child exploitation, represents callousness towards the victims of child exploitation.

The defendant's cellular device also revealed the "Kinkyng" Kik account was accessed 49 times on January 8, 2022, the day Bertetto is charged with distributing CSAM through the Kik application. On January 18, 2022, the day Bertetto is charged with receiving CSAM through Kik, he accessed his account account 21 times. A search warrant of Bertetto's "kinkyng" Kik account revealed the content of the videos he distributed and received. These videos included the rape of prepubescent children.

Despite the overwhelming evidence, Bertetto failed to accept responsibility for his actions, and attempted to put forth a defense at trial. Bertetto called his father and another relative to the stand to attempt to argue his wife had access to his cellular phone's passcode. It was not reasonable, nor did the jury believe, as is evidenced by the guilty verdict, that anyone other than Bertetto was responsible for the distribution, receipt, and possession of CSAM found on both of Bertetto's personal cellular phones, and which spanned years.

4

The seriousness and duration of the defendant's offense conduct demonstrate the necessity of a guidelines sentence. The defendant did not suffer from a solitary lapse in judgment. His conduct was calculated and premeditated.  Although this Court must consider other factors beyond the defendant's offense conduct, this Court should nonetheless give significant weight to his offense conduct in crafting his sentence here. *See, e.g.*, *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.").

## B. History and characteristics of the defendant

The defendant's history and characteristics also weigh strongly in favor of a guidelines sentence and do not support any downward variance. Bertetto is an adult who has a history of engaging in child exploitation material as if there are no consequences. His electronic devices evidence an obsession with explicit sexual activity. His sexual preferences include prepubescent children and sadistic behavior. These characteristics require serious intervention to protect the community.

Furthermore, in addition to the offense conduct, Bertetto committed sexual abuse against a relative, KB. When law enforcement executed a search warrant at Bertetto's residence, they interviewed KB. She reported that Bertetto began abusing her when she was approximately 12 years old, and continued until she was approximately 16 years old. It starts with Bertetto asking her to "watch porn." The abuse progressed to hands on abuse, including Bertetto touching her vagina and oral sex. In January 2022, following KB's disclosure, a petition was filed on her behalf to

5

protect her from the defendant. A Court granted an injunction, ordering Bertetto to have no contact with KB until her 18th birthday. KB also allowed law enforcement access to her cellular device and law enforcement located a search KB conducted in January 2022. KB searched in safari, "is it illegal to stay away from home when your 17 if someone in the house is sexually assaulted you." Law enforcement also discovered several conversations within KB's cellular phone where she references being abused by Bertetto.

There is great concern for public safety in this case. Bertetto was not charged by Volusia County in 2020. He was not charged until his federal Indictment in January 2022. Yet he continued his exploitive and predatory conduct. Every image and video of known child sexual abuse depicts a real-life child that has suffered irreparable harm by their abusers. Unfortunately, their abuse did not end with the physical act because exploiters like Bertetto perpetuate the abuse by continuing the distribution of their most vulnerable, traumatic moments on the internet.

A sentence of 960 months' imprisonment is necessary to recognize the victims harmed by Bertetto's conduct, to restore public confidence and respect for our laws, and to address Bertetto's continuous exploitive behavior.

### C. Seriousness of the crime, Promoting Respect for the Law, and the Need for Just Punishment

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813

(2011). "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has expounded that the "just deserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

Bertetto's conduct over a multi-year period shows that he has no respect for the law. He persisted in his child exploitation material addiction, sharing it with others, and maintaining a collection of his own. The only way to promote respect for those laws in this case and help restore that confidence is to sentence Bertetto to a guideline sentence.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Bertetto fits well within that class. His pattern of sexual exploitation of minors evidences a high probability of recidivism. *See, e.g., United States*

7

*v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Bertetto.

## IV.   Conclusion

This Court should sentence Jesse Bertetto to a guidelines sentence of 960 months' imprisonment. Nothing in the offense conduct or the defendant's history and characteristics warrants a downward departure or variance. A guidelines sentence is the only reasonable sentence because it is the only sentence that reflects the seriousness of the defendant's crimes and relevant conduct, provides just punishment, fully protects children in the community, and promotes respect for the law.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Ilyssa M. Spergel*
Ilyssa M. Spergel
Assistant United States Attorney
Florida Bar No. 0102856
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:   (813) 274-6300
Facsimile:    (813) 274-6178
E-mail: ilyssa.spergel@usdoj.gov

8

**U.S. v. BERTETTO**                    **Case No. 8:22-cr-169- SDM-TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

> */s/ Ilyssa M. Spergel*
> Ilyssa M. Spergel
> Assistant United States Attorney
> Florida Bar No.
> 400 N. Tampa Street, Ste. 3200
> Tampa, FL 33602
> Phone: (813) 274-6000
> Fax: (813) 274-6103
> Email: ilyssa.spergel@usdoj.gov

9